IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PETER GAKUBA,                        :        Civil No. 1:26-CV-00719
                                     :
           Petitioner,               :
                                     :
     v.                              :
                                     :
DAVID W. SUNDAY, JR., *et al.*,      :
                                     :
           Respondents.              :        Judge Jennifer P. Wilson

### MEMORANDUM

Peter Gakuba ("Petitioner"), identifying himself as a "REGISTERED SEX OFFENDER – State of PA," commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his underlying criminal conviction from Winnebago County, Illinois. (Doc. 1.) This petition will be transferred to the proper venue and the case will be closed.

### BACKGROUND

On March 20, 2026, the court received and docketed a petition pursuant to § 2254 seeking to challenge the underlying 2015 convictions of aggravated criminal sexual abuse that resulted in his status as a registered sex offender. (Doc. 1.) Nothing in the petition identifies Petitioner's link to the Middle District of Pennsylvania. He states he was convicted in Winnebago County, Illinois, and he is employed at a law office in Maryland. (Docs. 1, 2.) As an address, Petitioner provides the address of the employing law firm. (*Id.*)

1

A search of the National Sex Offender Public Website demonstrates that Petitioner is registered as residing in the Baltimore, Maryland. *See* Dru Sjodin National Sex Offender Public Website, https://www.nsopw.gov/search-public-sex-offender-registries (last accessed on April 18, 2026).

Along with a petition for writ of habeas corpus, Petitioner has filed multiple motions to proceed *in forma pauperis*, for a hearing, and for leave to file documents electronically. (Docs. 2, 4, 7, 10, 13, 14, 16.)

### DISCUSSION

A state prisoner may file a habeas petition in one of two federal district courts: (1) the federal judicial district where the prisoner is in custody; or (2) the federal judicial district where the state court of conviction is located. 28 U.S.C. § 2241(d). Each of those districts have "jurisdiction to entertain the petition." 28 U.S.C. § 2241(d). Section 2241(d), however, also provides that a district court "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's § 2254 petition to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." 28 U.S.C. § 2241(d). Additionally, 28 U.S.C. § 1404 vests a district court with the authority to transfer any civil action, "for the convenience of the parties and witnesses, in the interest of justice," to any district where the action might have been brought. 28 U.S.C. § 1404(a).

2

In this case, Petitioner is arguing that he is in custody premised on his status as a registered sex offender. (Doc. 3, p. 1.)[1] Petitioner is registered as a sex offender residing in Baltimore, Maryland, which is located in the District of Maryland. *See* 28 U.S.C. § 100. However, Petitioner was convicted and sentenced in Winnebago County, Illinois, which is located in the Northern District of Illinois. *See* 28 U.S.C. § 93(a) Therefore, the Middle District of Pennsylvania is not the proper venue for this action under Section 2241(d).

Since the trial court, as well as any records, witnesses and counsel, are located within the United States District Court for the Northern District of Illinois, the court will transfer this action to the Northern District of Illinois.

### CONCLUSION

For the above-stated reasons, the court will transfer this case to the Northern District of Illinois. All pending motions can be properly addressed by the United States District Court for the Northern District of Illinois. The case in this court will be closed.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: April 21, 2026

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.